IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARY WHITMORE**, | Case No. 3:23-cv-00844-IM |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| **AMAZON.COM SERVICES, INC.**, | |
| Defendant. | |

Mary Whitmore. 1107 NW 15th Street, #H378, Gresham, OR 97030. Pro Se Plaintiff.

Wm. Brent Hamilton, Jr., Davis Wright Tremaine, LLP, 1300 SW Fifth Avenue, Suite 2400, Portland, OR 97201. Attorney for Defendant.

**IMMERGUT, District Judge.**

    Before this Court is Defendant Amazon.com Services, Inc.'s ("Defendant") Motion to Dismiss, ECF 5, which Defendant filed on June 9, 2023. *Id.* On June 14, 2023, Plaintiff Mary Whitmore ("Plaintiff"), a pro se litigant, subsequently amended her Complaint as a matter of course, as permitted by Federal Rule of Civil Procedure 15. ECF 10.[1] By e-mail correspondence

---

[1] On June 20, 2023, Plaintiff filed a Second Amended Complaint. ECF 13. Because Plaintiff had already amended her complaint once as a matter of course, *see* ECF 10, and because

PAGE 1 – ORDER OF DISMISSAL

to this Court dated June 23, 2023, Defendant indicated that it wished this Court to consider its original Motion to Dismiss as a Motion to Dismiss Plaintiff's First Amended Complaint. ECF 15. This Court then issued a Scheduling Order, dated July 7, 2023, that Plaintiff's Response to Defendant' Motion to Dismiss was due on July 21, 2023. ECF 15. In that Order, this Court cautioned Plaintiff that failure to respond to Defendant's Motion may result in the dismissal Plaintiff's case. *Id.* That Order was deposited in outgoing mail to Plaintiff on July 7, 2023. *Id.* Plaintiff did not respond to the Court's Order and did not file a response to Defendant's Motion by July 21, 2023.

On July 25, 2023, this Court issued an Order to Show Cause directing Plaintiff to show cause in writing by July 28, 2023 why this action should not be dismissed for failure to comply with this Court's prior Scheduling Order. ECF 18. Plaintiff did not respond to the Court's Order by the deadline. On August 3, 2023, Plaintiff moved for an extension of time to respond to Defendant's Motion, explaining that she was seeking representation and that her search caused the delay. ECF 19. Given Plaintiff's pro se status, Defendant did not oppose the extension, but it requested that this Court extend the deadline by no more than sixty days. ECF 20. This Court granted Plaintiff's Motion and set October 6, 2023 as the deadline for Plaintiff's response. ECF 21. This Court again advised Plaintiff that a failure to respond by the deadline may result in dismissal of her action. *Id.* Plaintiff did not file a response by the deadline, nor did she seek an extension. As of this writing, more than three weeks after Plaintiff's response was due, Plaintiff has not filed anything with this Court.

---

Plaintiff did not make this subsequent amendment with either the opposing party's written consent or with leave of this Court, this Court struck Plaintiff's Second Amended Complaint on June 23, 2023, ECF 14. Plaintiff's First Amended Complaint remains the operative pleading in the present action. ECF 10.

PAGE 2 – ORDER OF DISMISSAL

"Unlike other district courts, the District of Oregon has not implemented a local rule that 'failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.'" *Fletcher v. U.S. Dep't of Agric.*, No. 3:20-cv-1243-SI, 2021 WL 1857407, at *1 (D. Or. May 10, 2021) (citing *Mayes v. Smart & Final, Inc.*, 759 F. App'x 628, 630 (9th Cir. 2019)). Nevertheless, courts in this district often dismiss actions where a party fails to respond to a motion within the timeframe prescribed under Local Rule 7-1. *See id.* (collecting cases). Additionally, under Federal Rule of Civil Procedure 41(b), a court "may dismiss an action for failure to comply with any order of the court," such as a scheduling order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Howard v. Or. Dep't of Corr.*, 603 F. App'x 633, 634 (9th Cir. 2015) (affirming dismissal "for failure to prosecute after [the plaintiff] failed to respond to defendants' motion to dismiss, despite being ordered to respond and receiving extensions of time to file a response"); *Watts v. Kernan*, 336 F. App'x 747, 747 (9th Cir. 2009) (affirming dismissal "because [the plaintiff] failed to respond to defendants' motion to dismiss after the district court granted several extensions of time and warned that failure to file an opposition could result in dismissal"). A court may likewise dismiss an action for failure to comply with a local rule. *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) ("[The Ninth Circuit] ha[s] repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders.").

Before dismissing a complaint for failure to comply with a court order or local rule, courts in the Ninth Circuit must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic alternatives. *See Ferdik*, 963 F.2d at 1260–61 (first citing *Thompson*, 782 at 831; and then citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Though not strictly required, it is "preferred" that a court "make explicit findings in order to show that it has considered these factors." *Id.*

Plaintiff did not file a response or motion for extension by July 21, 2023. As such, Plaintiff violated Local Rule 7(e)(1) by failing to respond to Defendant's Motion within fourteen days. Plaintiff also violated this Court's Scheduling Order directing Plaintiff to respond to Defendant's Motion by July 21, 2023, ECF 15, this Court's Order directing Plaintiff to show cause by July 28, 2023 why she failed to respond, ECF 18, and this Court's Order directing Plaintiff to respond to Defendant's Motion by October 6, 2023, ECF 21. Accordingly, this Court now considers each factor to determine whether dismissal of Plaintiff's complaint is an appropriate sanction.

**A. Public Interest in Expeditious Resolution of Litigation**

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This factor favors dismissal of Plaintiff's Complaint.

**B. The Court's Need to Manage its Docket**

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). This Court maintains a full docket of civil and criminal cases, and Plaintiff's complaint has consumed some of this Court's time that could have been devoted to other cases on its docket. To the extent that "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," this factor weighs in favor of dismissal. *See id.*

PAGE 4 – ORDER OF DISMISSAL

## C. Risk of Prejudice to Defendant

"Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Defendant filed its Motion to Dismiss on June 9, 2023, ECF 5, and indicated by e-mail to this Court on June 23, 2023 that it wished to apply that same Motion to Dismiss to Plaintiff's First Amended Complaint, ECF 15. This Court informed Plaintiff on July 7, 2023 that she was required to file her response by July 21, 2023. *Id.* Plaintiff did not do so. Plaintiff also did not respond or otherwise explain her delay by the July 28, 2023 deadline set by this Court's Order to Show Cause. ECF 18.

Almost two weeks after the July 21 deadline, Plaintiff moved for an extension of time. ECF 19. This Court granted the extension of time for Plaintiff to respond by October 6, 2023. ECF 21. Plaintiff has not responded, despite this Court's cautioning that failure to respond in the stated timeframe may result in dismissal of this action. ECF 18; ECF 21. This Court finds that Plaintiff's delay is unreasonable and that this factor supports dismissal.

## D. Public Policy Favoring Disposition of Cases on the Merits

Generally, the public policy favoring disposition on the merits counsels strongly against dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, "where the plaintiffs themselves prevent their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006). This Court finds that this factor weighs neither in favor of nor against dismissal.

### E. Availability of Less Drastic Actions

This Court has attempted less drastic actions. In its Scheduling Order, this Court clearly articulated the deadline for Plaintiff to file a response to Defendant's Motion to Dismiss and advised Plaintiff of the consequences that could result from failing to respond. ECF 15. After Plaintiff failed to respond to Defendant's Motion to Dismiss as specified in the Scheduling Order, this Court issued an Order to Show Cause, permitting Plaintiff to show cause why she failed to respond. ECF 18. Plaintiff again failed to respond by the deadline, but belatedly moved for an extension of time to respond to Defendant's Motion. ECF 19. This Court granted the requested extension and allowed Plaintiff an additional sixty days to file her response. ECF 21. Plaintiff did not seek an extension of that deadline, nor has she complied with it. This Court finds that this factor supports dismissal.

## CONCLUSION

In evaluating the above five factors, this Court finds that they weigh in favor of dismissing this case. Accordingly, this action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

DATED this 31st day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge